632

**Ben BECKER, Appellant,**

v.

**Edwin N. YEARY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1955.

Rehearing Denied May 20, 1955.

Marion Rider, Frankfort, for appellant.

William Hays, Winchester, H. V. Mc-Chesney, Jr., Frankfort, for appellees.

MOREMEN, Justice.

On March 28, 1947, appellant, Ben Becker, filed with the then Division of Motor Transportation an application for a contract carrier permit to authorize him to haul petroleum and other products, under a contract which he had with the Standard Oil Company, from Louisville to various other locations within the state.

On April 1, 1947, without notice to appellees, who were common carriers serving the same area, a permit was issued to appellant Becker.

On September 3, 1947, after appellees had discovered Becker's trucks operating over their routes, a motion was filed by them to set aside and declare void Becker's permit.

On November 26, 1947, a hearing was held before the director upon the motion to set aside and declare void the contract carrier permit issued to Ben Becker. This hearing, upon the motion, was not confined strictly to the question as to whether, as a matter of law, the permit had erroneously issued, but evidence was had on other matters. It was established that the common carriers had no notice of the original filing of the application and, after a small amount of proof had been introduced concerning whether the common carriers could give adequate service to the Standard Oil Company, the director ruled that the matter of adequacy was not an issue. The transcript of that hearing readily discloses that appellees were never permitted to develop their case on this point. The balance of

the proceedings were concerned with the question of whether or not the rates permitted to be charged by the appellant constituted an unreasonable preference in rates to the Standard Oil Company.

On December 11, 1947, the director of the Division of Motor Transportation overruled the motion to declare Becker's permit void and found that the rates charged gave an unreasonable preference to Standard Oil Company and prescribed minimum rates for future operations.

On December 29, 1947, the case was appealed to the Franklin Circuit Court where, on January 4, 1954, it was adjudged that the division had erred in issuing a permit to Becker without giving proper notice to competitors and holding a hearing in accordance with governing statutes, and ordered that Becker's permit be cancelled. Hence this appeal by Becker.

In urging a reversal of the judgment, appellant contends: (1) the circuit court was without jurisdiction since the statute provides for no appeal by a movant from an order of the Division of Motor Transportation denying a motion to cancel a permit; (2) the division was authorized to issue a permit without a public hearing if it deemed it advisable; (3) the motion to cancel the permit filed by appellees constitutes a collateral attack upon the order granting it.

A significant part of KRS 281.410, in force at the time, reads:

"(1) An appeal may be taken to the Franklin circuit court from the action of the division in the following cases by the following persons:

"(a) * * *

"(b) When an application for a certificate or permit has been granted, in whole or in part, by any person who has filed a protest to the granting of the application.

"(c) * * *

"(d) When the division, under the provisions of KRS 281.130, has sus-pended, revoked, altered or amended or refused to amend a certificate or permit, by the holder of the certificate or permit, or by anyone who has filed a protest.

"(2) The appeal may be taken by filing a petition of appeal with the clerk of the Franklin circuit court within twenty days after the rendition of the order of the division. * * *"

It was argued, under the above statute, that the permit had long since become final and the nature of the proceeding instituted by appellees was merely to cancel a permit already validly issued and that in such cases, under KRS 281.410, the time within which such an appeal may be taken is limited to twenty days.

It is plain, under (b) above quoted, that when an application has been granted, any protestant may appeal within the twenty day period specified by the statute. So, we are concerned here with whether appellees may properly be considered protestants and, if they are, did they have a right of appeal for a period of twenty days after the director entered an order overruling the motion to declare Becker's permit void? We believe both questions should be resolved affirmatively.

It should be remembered that appellees, upon the first actual notice to them, moved to set aside and declare void appellant's contract carrier permit. And it should not be forgotten that upon receipt of the motion, the director by his actions granted to appellees the status of being protestants; considered anew the questions of law and facts involved; heard evidence; altered the amounts of minimum rates; and infused the permit with new life by concluding that it was correctly issued. But the fact that the director concluded that the original issuance had been proper under the law in no way changed the character of appellees as protestants and, since they were protestants, they have the right to appeal under subsection (2) of KRS 281.410 because that subsection permits an appeal by a protestant within twenty days

after the rendition of an order made pursuant to a protest.

We believe, however, that the director's conclusion that he had the power to issue the original permit without a hearing is without a sound basis. It is true that subsection (2) of KRS 281.210 provides: "The division may, if it deems it advisable, hold a public hearing on the application, in which event the division shall give written notice thereof, at least ten days prior to the time fixed for the hearing, to all persons who may, in the opinion of the division, be interested in or affected by the issuance of the permit." But the Division of Motor Transportation had prior to the date of Becker's application adopted regulations which prescribed the policy of the division and set up standards for issuing permits.

These regulations, promulgated in the year 1946, were designed to inform the interested public of the division's attitude in proceeding under KRS 281.210, KRS 281.240 and KRS 281.250, and provided that a hearing would not be required in cases where the applicant was seeking a permit to transport certain named articles. (Generally, these articles were not commonplace or required unusual methods of handling or equipment—such as livestock, telephone poles, heavy machinery, etc.) These same regulations further provided:

"New or original contract carrier permits may also issue under the no-hearing procedure to serve any community or territory so long as no common carrier has been issued a certificate to serve the community or territory, and is actually serving it under such certificate. When such a carrier application is filed, the division will determine whether or not a territory or community is then being served by a common carrier from the certificates and schedules on file in this division."

In the case at bar, the record discloses that the articles being transported by Becker under his contract with Standard Oil Company were not exempted commodities which required special handling or equipment, and further shows that various common carrier certificates had been issued for the same area covered by Becker's permit. Therefore, conditions which might authorize a no-hearing permit were not in being.

Appellant argues, however, that the division cannot divest itself of its powers under subsection (2) of KRS 281.-210 to hold a public hearing "if it deems it advisable". We believe the division did not divest itself of any power. It retained its discretionary rights under the statute and by means of the regulation it published to the world and to interested carriers the circumstances under which a public hearing would be had. It had the right to change the regulation by suitable action but, after having announced its policy, its published rule was binding until such change was made. We therefore believe the circuit court was correct in its conclusion that the issuance of the original permit without a public hearing was void.

Appellant's final contention that this is a collateral attack on an administrative order requires little discussion because we believe we are presented here with a direct appeal from the division's decision. But, even if the attack were collateral, it would be permissible in view of the fact that we have found the issuance void.

We are of opinion that the circuit court's action in remanding this case to the now Department of Motor Transportation with directions that the permit issued to appellant be cancelled, and in further ordering that such application be set for a hearing after proper notice to all interested parties —if appellant Becker desires such a hearing—was correct and the judgment is therefore affirmed.